UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIM AULISIO,                         )
       Plaintiff      )
                             )
                             )
                             )
                             )
       v.                  )   Civil Action No. 11-30027-KPN
                             )
                             )
                             )
BAYSTATE HEALTH SYSTEMS, INC.        )
and AL CALVANESE,                    )
       Defendants     )

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS'
MOTIONS TO STRIKE (Document Nos. 31 and 32)
September 7, 2012

NEIMAN, USMJ

Presently before the court are two motions by Baystate Health Systems, Inc. ("Baystate") and Al Calvanese ("Calvanese") (together "Defendants") to strike (1) certain statements from Kim Aulisio ("Plaintiff")'s Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Opp.") and (2) certain responses set forth in Plaintiff's Statement of Material Facts in Dispute ("Plaintiff's SOF"). For the following reasons, the court will grant Defendants' motions in part.

I. BACKGROUND

Defendants' motions are an effort on their part to more precisely identify any genuine and material facts in dispute in the underlying action. For present purposes, it is sufficient to state that Plaintiff is a former employee of Baystate who worked under the supervision of Calvanese during the final year of her employment. After she

resigned, Plaintiff commenced this action, raising various employment discrimination claims. Defendants moved for summary judgment on May 21, 2012, and, after receiving Plaintiff's Opposition and Statement of Material Facts in Dispute, filed the present motions seeking to strike an assortment of comments and responses on a variety of different grounds.

## II. DISCUSSION

### A.

In one of their motions (Document No. 32), Defendants move to strike several of Plaintiff's statements of fact. Defendants argue that Plaintiff has not complied with Local Rule 56.1 insofar as she has failed to provide responsive replies to Defendants' Statement of Facts, failed to cite to the record, failed to set forth concise statements, and attempted to confuse the court by citing irrelevant information.

In applicable part, Local Rule 56.1 provides that "a party opposing the motion [for summary judgment] shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." The purpose of this rule is to ensure that parties direct the court to genuinely controverted and material facts and to "prevent them from 'unfairly shifting the burdens of litigation to the court,' by, for example, leaving the 'court to grope unaided for factual needles in a documentary haystack.'" *Fedex Customer Information Services, Inc., v. Fright Catalog*, 2010 WL 3505162, at * 1 (Aug. 27, 2010) (quoting *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7-8 (1st Cir. 2007)). Local Rule 56 and others like it "are

2

designed to function as a means of 'focusing a district court's attention on what is -and what is not - genuinely controverted. When complied with, they serve 'to dispel the smokescreen behind which litigants with marginal or unwinnable cases often seek to hide.'" *Caban Hernandez*, 486 F.3d at 6 (internal citations omitted). Courts may alleviate the burden placed on them by parties who fail to comply with the requirements of Rule 56.1 by accepting as true the compliant party's statement of facts. *Id.* at 7.

Here, as an initial matter, Defendants argue that Plaintiff's SOF fails to comply with Rule 56.1 and should be disregarded in its entirety and their own facts deemed admitted. While the court agrees that Plaintiff's SOF, in large part, violates the spirit, if not the letter of 56.1, it declines to strike the entire document. Instead, for the reasons that follow, the court will allow Defendants' motion in part only.

### 1. Repetitive Language

First, Defendants' motion seeks to strike several different iterations of the following language, which appears in a number of Plaintiff's responses to Defendants' SOF, as non-responsive and non-material:

> However the Plaintiff was never given a RAC job description. In fact, the Plaintiff received the incorrect job description. Specifically, the Plaintiff received a job description for a Health Information Management Coordinator position. The Plaintiff never, at any point in time felt that she had been trained adequately in her new position. The Defendant Calvanese was responsible for training the Plaintiff in her new position. The Plaintiff, on multiple occasions, asked the Defendant Calvanese for additional training and these requests were repeatedly denied.

(Plf.'s SOF 4, 24, 30, 31, 32, 38, 60.)  This language first appears in response to Defendants' SOF 4, which itself states that "[i]n September 2009, Aulisio began working as the HIM/RAC Coordinator in the Health Information Management Department ("HIM")."  Plaintiff attempts to "dispute" this simple fact with the language quoted above, which does *not* dispute that she began her new position in September 2009 as Defendants contend;  Plaintiff either  began working at that time and the fact is *un*disputed, or Defendants supplied the wrong start date, which Plaintiff does not suggest.  Accordingly, the court will accept Defendants' SOF 4 as undisputed.  Nonetheless, the court will deny Defendants' motion to strike the above quoted language as it appears in response to Defendants' SOF 4, but will separately consider it to the extent it is supported by appropriate citations.

Still, Defendants' motion to strike will be allowed to the extent the quoted language is incorporated at other times in Plaintiff's SOF, such language being repetitive and non-responsive.  By way of example, Defendants' SOF 30 through 32 set forth statements regarding other employees' complaints about Plaintiff.  The language quoted above, which Plaintiff incorporates into her responses, does not dispute the facts asserted by Defendants, nor is it responsive to those facts.  Moreover, its repeated inclusion renders subsequent facts unfocused and unfairly adds to the court's burden of determining which facts are truly in dispute.

Along the same lines, the court will allow Defendants' motion to strike yet other commentary in Plaintiff's responses which, like the language quoted above, is repetitive and non-responsive.  For example, Defendants' SOF 7 and 8 are both undisputed by

4

Plaintiff but encumbered by the statement, now familiar to the court, that

> the Plaintiff received the incorrect job description and was inadequately trained for her new position.  The Plaintiff, on multiple occasions, asked the Defendant Calvanese, her supervisor, for additional training and these requests were repeatedly denied.

(Pl.'s SOF 7 and 8.)  Similarly, the first half of Plaintiff's SOF 13 repeats her claim that she was inadequately trained.  Likewise, Plaintiff's response to Defendants' SOF 16 repeats, verbatim, the additional language set forth in her response to Defendants' SOF 15 regarding an audit she handled and the time it took to correct a written warning.  That statement is repeated again in response to Defendants' SOF 27.

Plaintiff's penchant for repeating, often verbatim, language that is non-responsive to the asserted fact, continues throughout Plaintiff's responses to Defendants' SOF.  As far as the court can tell, the language included in SOF 21 is repeated in SOF 34 and 42; SOF 38 is repeated in SOF 41; SOF 44 and 48 are repetitions of SOF 43; and language first found in SOF 51 is repeated four more times in SOF 54, 56, 57, and 61.  The list goes on.  In addition, such language oftentimes reads like an argument that has no place in a concise statement of facts and is frequently repetitive and non-responsive.  In short, the court is at a loss to explain how Plaintiff justifies the repeated inclusion of the same language which, far from narrowing and clarifying the issues, unfairly adds to the court's burden.  Because the language Defendants' seek to strike from Plaintiff's SOF 7, 8, 9, 12, 13, 15, 16, 19, 27, 34, 41, 43, 48, 54, 56, 57, 61, 72, and 93 is repetitive and found elsewhere in the SOF, Defendants' motion is ALLOWED in that regard.

2. Statements of Fact without citation to the record

Defendants also seek to strike statements of disputed facts by Plaintiff that "deny" facts asserted by Defendants but do so in a summary fashion without citing the record. Rule 56.1, of course, requires a party to support any fact or disputed fact with such citations. With that in mind, the court will allow Defendants' motion with regard to Plaintiff's responses to Defendants' SOF 33, 59, 77, 78, and 91.

3. Facts not actually disputed

Finally, Defendants have highlighted several facts which Plaintiff disputes in form but admits in substance. For example, Defendants' SOF 10 states that, "[a]t some point in time, [Plaintiff] learned that she would be overseeing 'coding' audits rather than RAC audits. She thought that was fine." In support, Defendants' cite a question and answer from Aulisio's deposition which demonstrates the accuracy of the asserted fact. (Aulisio Dep. 186.) ("Q. What was your reaction to finding out that you would be doing coding audits rather than the original RAC audits? A. That was fine. I just did what he wanted me to do. It was very confusing.") Nonetheless, Plaintiff denies SOF 10 and argues that "Defendants in their statement insinuate that the Plaintiff was okay with the ever-evolving and inconsistent RAC position despite having received the incorrect job description." (Plf.'s Opp. 4.) As is evident, Plaintiff's response addresses a different point and is largely unhelpful. Accordingly, to the extent Defendants move to strike Plaintiff's representation that the fact is "denied," the motion is allowed, as Plaintiff's own testimony indicates that she thought the new assignment was "fine." Moreover, since Plaintiff does not cite to the record in support of the remainder of her statement,

the court will strike that as well, noting simply that, as indicated by Plaintiff's testimony, she found the assignment confusing.

The remaining statements Defendants wish to strike as actually admitting, rather than denying their statements of fact, will be treated similarly. That is, to the extent the additional commentary by Plaintiff admits a fact, the court will consider that fact undisputed. As for additional, non-responsive commentary, the court will not strike it but will consider it to the extent it is supported by accurate citations to the record. The extent of the court's acceptance of such material will be reflected in the factual background section of the memorandum and order addressing Defendants' motion for summary judgment.

B.

In their second motion (Document No. 31), Defendants seek to strike what boils down to essentially six sets of statements in Plaintiff's memorandum in opposition to Defendants' motion for summary judgment. This is made necessary, Defendants argue, because Plaintiff inserted in her memorandum yet other facts unaddressed in the parties' respective Statements of Fact. The court agrees. As explained earlier, all facts, including facts set forth in a brief, must be supported with appropriate citations to the record.

The first statement targeted by Defendants is the following:

> Calvanese would regularly ridicule the Plaintiff based on her hearing impairment. Calvanese would make statements to the Plaintiff indicating that he was angry about Plaintiff's hearing impairment.

(Plf.'s Opp. 14.)  In support of these allegations, Plaintiff cites Plaintiff's SOF 116, although she now concedes that that was in error and instead should have cited Plaintiff's SOF 107, which describes some of the comments Calvanese made to Plaintiff during the course of her employment.  The court now has the proper citation and will consider the above statement to the extent it is supported by the new citation, namely, the particular statements Calvanese made, but will not accept the characterization attributed to those statements by Plaintiff.

Second, Defendants move to strike any statements alleging that Plaintiff was placed on *un*paid administrative leave.  Plaintiff concedes that the one-week administrative leave was paid and the court, therefore, will allow Defendant's motion to strike any reference to "unpaid" administrative leave.

Third, Defendants move to strike Plaintiff's assertion that one and one-half weeks transpired between the time she emailed her human resources representative, Jen Curtis ("Curtis"), and the time a meeting with that representative and Calvanese took place.  Although Plaintiff claims that the time period is based on her deposition testimony, Defendants note that the email is dated September 1 and the meeting was held on September 7; as those dates are not disputed, the court will allow Defendants' motion to strike and accept the six-day time period.

Fourth, Defendants move to strike, as unsupported by Plaintiff's testimony, her statement that "Calvanese told the Plaintiff that she would have been terminated anyway." (Plf.'s Opp. 18-19.)  The court agrees.  The testimony upon which Plaintiff relies does not indicate that she would have been terminated "anyway."  At best, it

reads as follows:

> when I specifically asked Al if he would spend five to ten minutes with me at the end of meetings and he totally refused, and then the minute [Jen Curtis] left, he had said if you hadn't have brought this hearing thing to the table, that this would have been a final written warning and termination, then that, I felt, I had no choice.

(Ex. 1; Aulisio Dep. 53.)  The court accepts this as the more accurate view of Plaintiff's recollection.  With this in mind, then, the court will allow Defendants' motion to strike the statement in Plaintiff's memorandum.

Fifth, Defendants move to strike Plaintiff's statement that at the September 7, 2010 meeting, Curtis and Calvanese "decided to deny" her request for an accommodation and "to reprimand the Plaintiff and proceed with the PIP."  To the extent Plaintiff is asserting that Defendants "decided to deny" her request for use of the CART system, Defendants' motion is allowed, as Plaintiff's own testimony indicates that Curtis told her she would present her request to the ADA Department.  (Ex. 1; Aulisio Dep. 51.)  Likewise, although Calvanese had drafted a final written warning prior to the meeting, he did not give it to Plaintiff after she requested a reasonable accommodation and, as such, the statement that she was "reprimanded" is unsupported by her own testimony.  Accordingly, Defendants' motion to strike is allowed in that regard as well.

### III. C<span style="font-variant:small-caps">onclusion</span>

The court's earlier admonition regarding Plaintiff's adherence to Local Rule 56.1. bears repeating.  The rule requires *concise* statements of material *facts*, not arguments.  Parties are afforded the opportunity to argue the nuances of particular facts and their

9

implications in light of the relevant law.  A three page argument in response to a fact is neither concise, nor helpful to the court.  (See Plaintiff's Opp. to Defendants' facts 30, 31, and 32.).  As explained, rules like Local Rule 56.1 "were inaugurated in response to [the First Circuit's] abiding concern that, without them, 'summary judgment practice could too easily become a game of cat-and-mouse.'" *Caban Hernandez*, 486 F.3d at 6. (quoting *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000)).  "Non compliance with such a rule as manifested by a failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted and ruling accordingly."  *Ruiz Rivera,* 209 F.3d at 28.

As set forth above, Defendants' motion has been allowed in several respects. The Background Facts set forth in the court's Memorandum and Order with Regard to Defendants' Motion for Summary Judgment, issued this day, will reflect the facts offered by both Defendants and Plaintiff as accepted by the court, and not to facts stricken herein.

IT IS SO ORDERED.

Date: September 7, 2012

       /s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge